## PONCE & GUAYAMA RAILROAD COMPANY, Plff.,

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1043.

ON AN OBJECTION TO EVIDENCE.

Contract—Variation—Question for Jury.

    1. Where there is a doubt as to whether or not the parties to a contract agreed later to vary it the question will be submitted to the jury:

Contract—Statute of Frauds.

    2. There is no Statute of Frauds in Porto Rico, and a contract is valid when once the minds of the parties are agreed whether or not it is reduced to writing.

Contract—Consideration—Executing and Executed Contracts.

    3. A consideration is important only when a contract is executory, but when once it is acted upon by both parties it becomes an executed contract, and a consideration is either not necessary or is implied.

Opinion filed January 5, 1916.

*Mr. Chas. Hartzell* for plaintiff.

*Mr. Francis H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

The question presented is upon an objection to evidence offered by the defendant proposing to show that about nine days after the contract the parties got together and made an arrangement by which the passenger and freight service under this contract were to be consolidated into one train service each way, and that the compensation was to be based upon the passenger service and upon the freight service.

Objection is made on the ground that there is another provision in the contract as to what shall be the compensation for mixed train service, and that this contract must therefore be construed as providing for a mixed train service. A good deal of the argument is directed to the improbability of there being any such construction or any such change of the contract; for instance, that the parties reported to the Executive Council that there had been no change whatever, and other points have been mentioned. Those matters of probability I do not think I can take into account. They would be rather for the jury. They might show that it was extremely improbable that the parties had made any such construction or variation of the contract if they agreed to report to the Executive Council that they had not, but nevertheless that would not change the fact of the possibility that they had made such a change of construction. They might have no right to do it. They might have been reporting what was untrue; but still, if the evidence shows that

they did make a change, I cannot see why that could not go to the jury; that is, provided other points are gotten out of the way.

The exact point presented for consideration is this: Where the contract provides for a mixed train service, can the parties, without any written instrument, under the guise of a construction of the contract, get together and say that in effect the mixed train service will serve all the requirements of the case better than a separate passenger and freight train service, but that nevertheless the pay for it should be on a separate basis, and not as provided in the contract itself? Can they do that? Or, rather, in this case, can evidence be introduced showing that they did it?

It is sought to justify the evidence on two grounds: First, that it was a practical construction by the parties of the contract. It is somewhat difficult to call it a construction when it seems to run in the teeth of one part at least of the contract. That would be absolutely contrary to the provision as to a mixed train service if it is to be considered as a construction of the contract. On the other hand, if it is to be considered as an amendment of the contract, the question would come up whether that is possible under the answer. The answer speaks of it as a construction, or words to that effect. I do not think that that statement in the answer would stand in the way, however, —speaking of it as a construction. That is a matter of law, and an answer might present a good defense and yet use some inapt legal expressions. The legal terminology, not being correct, would not change the point that there might be facts shown in the answer which would be a good defense. It would be an awkward situation, but still one which could arise, and I think

the condition could be met by considering the words surplusage. There has been no motion to strike them out or anything of that sort, so that I think the question of amendment could come up under the answer.

Now the question is, Can there be any evidence of an amendment of the contract verbally by action of the parties by what it is a little difficult to call practical construction, but nevertheless by acts of the parties? The common-law rule is, or used to be, that there can be no amendment of a contract except by an instrument in like form. There seems to be no Statute of Frauds in Porto Rico, and I do not know that this would come under the Statute of Frauds if·it was in the United States. This was an agreement for one year. But it is not necessary to determine that of course.

There is this to be taken" into account under the civil law. This court had occasion to study it considerably in a case not very long ago of Bigelow v. Porto Rico Planters Co. 7 Porto Rico Fed. Rep. 463, No. 1050, and it seems that there is a rule applicable under the civil law which would be somewhat doubtful at common law, and it is this. Manresa, in commenting on it, speaks of it as the conflict of two historical tendencies in the Spanish law, one coming down from the Roman times, which requires a great deal of form. On the other hand, he calls attention to another tendency in the Spanish law which he calls spiritual. It was derived probably less from the church than from the individualistic customs of the Visigoths. According to this a contract would be valid if the minds of the parties concurred, regardless of whether it was reduced to the form given by law or not. To use the common-law expression, where third

VIII. Porto Rico—23.

parties are not interested, the legal provision as to reducing contracts to writing would be directory rather than mandatory.

Another section of the Code—I cannot refer to the section, but it can be found in that particular opinion—says that all that is necessary is the agreement of the parties, and, according to Manresa, the two sections are in opposition to each other; and he solves it by coming to the conclusion that, unless the law requires the agreement to be put on record, the agreement of the parties is all that is necessary. If an agreement is required to be in writing, and is not required to be put on record, that nevertheless the mutual agreement of the parties controls. This, of course, is not exactly a parallel case. Here is an agreement that was put in writing, but it seems to me that the principle would control. If the minds of the parties met afterwards in a modification, I see no reason why the principle should not control an agreement which had been put in writing before. The objection, however, is made that even where that is allowable, there must be a new consideration. As to that the civil law is somewhat different from the common law as to the question of consideration, but, even if that were not so, it seems to me that the evidence could go in, of course to be supplemented later. And it would be for the jury to say whether there had been any modification of the contract, and, if necessary, if there was any proper consideration.

It is not quite clear what elements of a new consideration are involved. The American Railroad Company says that it was a sufficient consideration in that the running of one mixed train each way a day cleared the track for the hauling of sugar cane, in which time in the busy season of the greatest importance. Other reasons might be mentioned, but it is probably sufficient

Ponce & G. R. Co. v. American R. Co.

to say that in the common law under the Statute of Frauds no new consideration would be needed in a case like the one at bar. If the parties to a contract get together and modify it, and the modification is acted upon by both parties, it becomes an executed contract, and a consideration is beside the mark. A consideration is important only where a contract remains to be executed. If it is executed, a valuable consideration is either not necessary or is implied.

It looks to me as if this is a point which has to be decided by a court, of course, but to be decided by that part of the court which is called the jury, that is, whether there actually was any modification, any variation of the original arrangement. I do not want to be understood as intimating in the slightest that I think there was any. I think that is a matter for the jury. It may very well be that the jury would conclude from what was done before the Executive Council, and what was said by the parties themselves, that there never was any intention to change it, but I do not think that is for the judge to decide. I think that the argument which has been addressed to me should be addressed to the jury if there is enough evidence to cover it.

So, upon the whole, I overrule the objection and allow an exception of course.